UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **FREDERICCO L. BURKS** | **CIVIL ACTION NO. 21-346-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **DEP. DELHOMME, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Fredericco L. Burks ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 8, 2021. Plaintiff is incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana and claims his civil rights were violated by prison officials. He names Dep. Delhomme, Lt. Porter, Sgt. Bowles, the Bossier Parish Sheriff's Office, Jullian Whittington, the Bossier Maximum Facility, and Captain Bowyer as defendants.

Plaintiff claims that in November of 2017, Deputy Delhomme ordered the night shift kitchen staff to line up in the hallway for strip searches. He claims while in full view of the main corridor and hallway cameras, Deputy Delhomme sat on a tray court and ordered the inmates to "Get Cowboy Naked." He claims the inmates thought Deputy Delhomme was joking but he told them he was not joking and repeated the order. Plaintiff

claims he and the other inmates reluctantly stripped down and were completely naked in direct view of the main corridor during shift change. He claims Deputy Delhomme then ordered the inmates to turn around, face the wall, squat, and cough. He claims that after complying with Deputy Delhomme's orders, the inmates began to dress. Plaintiff claims that for no plausible reason, Deputy Delhomme ordered the inmates to "Get Cowboy Naked" a second time. He claims Deputy Delhomme told the inmates that they did not do it correctly, so they had to do it again. Plaintiff claims he and the other inmates complied with all orders in full view of the main corridor, the hallway camera, and the entire kitchen staff. He claims that as the inmates dressed, Deputy Delhomme told the inmates a third time to "Get Cowboy Naked." Plaintiff claims he complied with the orders because he feared being reprimanded.

Plaintiff claims that a few weeks after the incident, he filed a grievance against Deputy Delhomme for sexual misconduct and a second grievance because the facility had no law library. He claims that within 24 hours of filing the first grievance, he was fired from his work detail without reason. He claims he spoke with Sgt. Bowles the following day and informed him that he feared more retaliation for filing the second grievance. He claims Sgt. Bowles insisted that he would not be a target for filing the second grievance.

Plaintiff claims he gave the second grievance to Sgt. Bowles trusting that no action would be taken against him. He claims that less than 24 hours after submitting the second grievance, he was targeted for a random cell search. He claims that during the search, prison officials found two Bibles, three Christian novels, and a Blacks Law Dictionary. He claims he was sentenced to 30 days in D-Seg for the books, five days for each book.

Plaintiff claims the Administrative Remedy Procedure took approximately two weeks. He claims the third step response to his grievance found Deputy Delhomme guilty of misconduct by an officer but stated that it was not of a sexual nature. Plaintiff claims he postponed pursuing civil and criminal charges because he feared retaliation by staff members.

Plaintiff claims that during his administrative segregation hearing, he informed Lt. Porter of his grievances in the administrative remedy procedure, his termination for no reason, his report to Sgt. Bowles of his fear of reprisal, and being offered 30 days in D-Seg for religious material after reporting sexual misconduct. He claims Lt. Porter told him that if he did not take the 30 days and was found guilty at the next step, he would be sentenced to 45 days in D-Seg. Plaintiff claims Lt. Porter and Sgt. Bowles did nothing to protect him from reprisal and retaliatory intimidation.

Plaintiff claims he was placed on D-Seg for 30 days in the sex offender housing unit although he had no prior sex offenses. He claims that while on D-Seg, his brother in law was murdered and he was not allowed to speak with his family or attend the funeral. He claims he as in D-Seg for Christmas and was not allowed to speak with his family.

Plaintiff claims that after his 30 days on D-Seg were completed, he was permanently placed in C-Pod with the sex offenders for the entirety of his stay.

Accordingly, Plaintiff seeks a protective order, criminal charges against Deputy Delhomme, monetary damages, and any other relief to which he is entitled.

## LAW AND ANALYSIS

**Prescription**

In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. <u>Id</u>. at 280. In <u>Gates v. Spinks</u>, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." <u>Gates</u>, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. <u>See</u> La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." <u>Watts v. Graves</u>, 720 F.2d 1416, 1417 (5th Cir. 1983). Finally, prescription on the claim is tolled while the administrative remedy procedure is pending. <u>See</u> <u>Harris v. Hegmann</u>, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims his civil rights were violated by Defendants in November of 2017. Thus, prescription began to run as to these claims in November of 2017. He claims the administrative remedy procedure took approximately two weeks, therefore the prescriptive period was tolled for approximately two weeks. The above entitled and numbered

complaint was not signed by Plaintiff until January 7, 2021, and it was not filed by the Clerk of Court until February 8, 2021. Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's civil rights complaint should be dismissed as frivolous.

**Classification**

Plaintiff complains that he was permanently placed in the C-Pod with the sex offenders. This is not a claim that this court can resolve. Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th

Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)).

Accordingly, Plaintiff's claims regarding his classification are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 30th day of March, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge